# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| JEFFREY HILL, ) | |
|     Plaintiff, ) | Civil Action No.: 1:05cv00082 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | |
| PARAMONT MFG., LLC ) | |
| et al., ) | By: GLEN M. WILLIAMS |
|     Defendants. ) | Senior United States District Judge |

This lawsuit is for damages brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Jeffrey Hill, the plaintiff, ("Hill"), previously filed a complaint with the Equal Employment Opportunity Commission, ("EEOC"), on September 14, 2004. On June 3, 2005, Hill received notice from the EEOC that his claim was denied. Hill then timely filed his complaint with this court on August 31, 2005, against Paramont Manufacturing, L.L.C., ("Paramont"), and James Brown, ("Brown"), Myron Randles, ("Randles"), and Gary Collins, ("Collins"), the defendants, who were employees of Paramont. Paramont is a limited liability company organized and existing under the laws of the Commonwealth of Virginia. By his amended complaint, Hill alleges that Paramont violated his civil rights under 42 U.S.C. § 2000e *et seq.*, by creating a hostile work environment and retaliating against him. He further alleges that Paramont, Randles, Collins and Brown are liable for his wrongful discharge from Paramont.

-1-

*I. Facts*

Since this matter is before the court on the defendants' motion to dismiss, the facts as alleged by Hill in his amended complaint and attached documents will be accepted as true. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991). Hill was employed by Paramont on or about March 2001. According to Hill, Collins was the plant manager and had general supervisory authority over him. Brown, Paramont's owner, managing partner, president and chief executive officer, exercised ultimate supervisory authority over the plant and all the workers. Randles was a supervisor/assistant plant manager who also had general supervisory authority over Hill. In his amended complaint, Hill alleges that Collins and Randles engaged in a continual course of sexual discrimination and harassment, which was aimed at Paramont's female employees. Accordingly, Hill alleges that Collins's and Randles's behavior created a hostile work environment and that they engaged in retaliation against Hill when he made complaints about their ongoing conduct.

Hill alleges that the continual harassment of the female employees by Collins and Randles substantially affected his employment with Paramont. According to Hill, he reported Collins's and Randles's sexual harassment to Brown. As a result, he was threatened, ostracized, intimidated and verbally abused. This, in turn, allegedly caused his work environment to become so hostile as to be rendered intolerable, forcing Hill to quit.

Hill alleges that the conduct of Randles and Collins was ratified by Paramont, and Paramont refused to take any action to stop the conduct. And, because of

Paramont's refusal, retaliatory acts were directed at Hill from other Paramont employees.

## II. Analysis

As stated above, in ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. *De Sole*, 947 F.2d at 1171. "[A] 12(b)(6) motion should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### A. Title VII Claims

Hill alleges that he was the victim of a hostile work environment, and that when he reported the behavior that created the hostile work environment to his supervisors at Paramont, retaliation was pursued against him, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* However, Hill does not allege that he was fired. Instead, he alleges that he quit his job. Thus, it appears that he is pursuing his retaliatory discharge claim on a constructive discharge theory.

To establish constructive discharge, Hill must show (1) the deliberateness of the employer's action; and (2) the intolerableness of the working conditions. *See Bristow v. The Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985). He must demonstrate that the work conditions were "objectively intolerable," and that these conditions were created in an effort by his employer to force him to resign. *See Williams v. Giant Food, Inc.*, 370 F.3d 423, 434 (4th Cir. 2004). Also, "[d]eliberateness exists only if the actions complained of were intended by the employer as an effort to force the plaintiff to quit." *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 237 (4th Cir. 1999).

In order to establish a prima facie case of retaliation, Hill must demonstrate that "(1) [he] engaged in a protected activity; (2) the employer took an adverse employment action against [him]; and (3) a causal connection existed between the protected activity and the asserted adverse action." *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001).

In his amended complaint, Hill alleges that Brown and Collins caused him to be threatened, ostracized, intimidated and verbally abused, and caused his work conditions to be made intolerable, all as retaliation for his reporting illegal discrimination and harassment. Further, Hill alleges that Randles's and Collins's conduct created a hostile work environment for Hill and the other employees. Thus, Hill alleges that he engaged in a protected activity of reporting the sexual harassment and according to him, because of his reporting, retaliation was taken against him. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 298 (4th Cir. 2004) (setting forth the necessary showing to establish a prima facie case of retaliation).

Although Hill's amended complaint is somewhat vague, if the allegations contained therein are true, then Hill has stated facts that could demonstrate that he was the victim of retaliation, which was so severe that it caused his constructive discharge. Therefore, Paramont's motion to dismiss Hill's retaliation claim under Title VII will be overruled.

*B. Wrongful Discharge*

When a pendent state law claim is presented to a federal court in conjunction with a federal question claim, a federal court has supplemental jurisdiction to hear the pendent state law claim if it forms "part of the same case or controversy" as the federal claim. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006) (citing *White v. County of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993)); 28 U.S.C. §§ 1331, 1367. Here, Hill's claim of wrongful discharge clearly arises from the "same case or controversy" as the underlying Title VII claim.

Furthermore, when deciding state law claims under supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit. *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006). Thus, since this court sits in the Commonwealth of Virginia, Virginia's choice-of-law rules will govern. Virginia follows the traditional *lex loci* approach, which means the substantive law of the place of the wrong will be applied. *See Frye v. Commonwealth*, 345 S.E.2d 267, 272 (Va. 1986). Therefore, Virginia law will govern the remaining state law claims.

Virginia law adheres to the employment at-will doctrine[1] and only recognizes a limited public policy exception as grounds for a lawsuit for firing an at-will employee. *See Rowan v. Tractor Supply Co.*, 559 S.E.2d 709, 710-11 (Va. 2002). Thus, in Virginia, "an employment relationship is presumed to be at-will, which means that the employment term extends for an indefinite period and may be terminated by the employer or employee for any reason upon reasonable notice." *Cave Hill Corp. v. Hiers*, 570 S.E.2d 790, 793 (Va. 2002) (citing *County of Giles v. Wines*, 546 S.E.2d 721, 723 (Va. 2001). In Virginia, a viable wrongful discharge claim by an at-will employee is created under three limited circumstances: (1) where "an employer violated a policy enabling the exercise of an employee's statutorily created right[;]" (2) when an employer has violated a policy "explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy[;]" and (3) "where the discharge was based on the employee's refusal to engage in a criminal act." *Rowan*, 559 S.E.2d at 711.

In his amended complaint, Hill attempts to plead facts sufficient to establish a claim under the third exception listed above, "where the discharge was based on the employee's refusal to engage in a criminal act." *Rowan*, 559 S.E.2d at 711. Specifically, Hill alleges that Brown, Collins and Randles attempted to force him to engage in fornication, sexual battery, aggravated sexual battery and prostitution. Hill alleges that when he refused to participate in these acts and, instead, complained against them, he faced retaliatory conduct so severe that he was forced to quit his job.

---

[1]Employment at-will is employment that is usually undertaken without a contract and that may be terminated at any time, by either the employer or the employee, without cause. BLACK'S LAW DICTIONARY 566 (8th ed. 1999).

The Supreme Court of Virginia has yet to recognize the tort of constructive discharge in the area of employment. *See Johnson v. Behsudi*, 52 Va. Cir. 533, 537 (1997). However, when a federal court is to apply the substantive law of a particular state, and that state's highest court has not addressed the issue presented, the federal court must anticipate how the state's highest court would rule. *Weaver v. Caldwell Tanks, Inc.*, 2006 U.S. App. LEXIS 16339 (6th Cir. 2006); *see also Bailey Farms, Inc. v. NOR-AM Chemical Co.*, 27 F.3d 188, 191 (6th Cir. 1994). Thus, since Virginia has not addressed the issue of constructive discharge, it is the duty of this court to anticipate how the Supreme Court of Virginia would rule.

In attempting to determine how the Supreme Court of Virginia would rule, the court will examine how other courts have dealt with this issue. In *Johnson*, a Virginia Circuit Court essentially adopted the Fourth Circuit Court of Appeals test for constructive discharge, which is set out in *Bristow*. *See Johnson*, 52 Va. Cir. at 537-38. In *Bristow*, the court determined that "[a] constructive discharge occurs when 'an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job.'" 770 F.2d at 1255. Under this analysis, in order to properly establish a prima facie case of constructive discharge, Hill must demonstrate (1) the deliberateness of the employer's action; and (2) the intolerableness of the working conditions. *Bristow*, 770 F.2d at 1255. Deliberateness is established by showing that the employer intended to force the employee to quit his or her job; while intolerableness is shown by demonstrating that a reasonable person "in the employee's position would have felt compelled to resign." *Bristow*, 770 F.2d at 1255.

In sum, Hill has pleaded sufficient facts that, if proven true, would establish a claim of constructive discharge based upon the test adopted by the Fourth Circuit. Although the Supreme Court of Virginia has yet to recognize constructive discharge in the area of employment, the court has recognized constructive behavior in other areas of law. *See Johnson*, 52 Va. Cir. at 537. Therefore, I hold that the Supreme Court of Virginia would recognize a claim based on a constructive discharge. In this case, Hill alleges that the actions taken against him were designed and intended to force him to resign. Thus, I find that Hill has pleaded sufficient facts to state a claim for constructive discharge.

Also, it appears that Hill is attempting to plead facts sufficient to establish a claim under the second public policy exception listed above, when an employer has violated a policy "explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy." *See Rowan*, 559 S.E.2d at 711. For the public policy exception to apply, there must be an articulated public policy. *Rowan*, 559 S.E.2d at 711. Also, the plaintiff claiming the public policy exception must be in the class of persons that the public policy was put in place to protect. *See Mitchem v. Counts*, 523 S.E.2d 246, 251-52 (Va. 2000). The Supreme Court of Virginia has stated that, in regards to the public policy exception, "[t]he exeception we recognized was not so broad as to make actionable those discharges of at-will employees which violate only private rights or interests." *See Miller v. SEVAMP, Inc.*, 362 S.E.2d 915, 918 (Va. 1987). Thus, Hill must allege that he was in the class of persons that the law he refused to violate was designed to protect.

In *Mitchem*, the plaintiff brought a wrongful discharge claim based on the public policies against fornication and lewd and lascivious behavior. 523 S.E.2d at 249. Hill's claim is based on the public policies embodied in the Virginia laws forbidding fornication, sexual battery, aggravated sexual battery, prostitution and being an accessory to all of the above. In *Mitchem*, the Supreme Court of Virginia said, in context of a wrongful discharge claim with regard to the laws against fornication, lewd and lascivious behavior,

> the absence of an express statement of public policy in Code §§ 18.2-344 and -345 does not preclude their use as a basis for a common law action for wrongful termination. These criminal statutes were enacted for the protection of the general public, and Mitchem is a member of that class of persons whom these statutes were designed to protect.

*Mitchem*, 523 S.E.2d at 252. Therefore, I find that Hill has stated a valid claim for wrongful discharge since he is a member of that class of persons that the statutes forbidding fornication, sexual battery, aggravated sexual battery and prostitution are designed to protect. Thus, the defendants' motion to dismiss Hill's wrongful discharge claim will be overruled.

### III. Conclusion

For the reasons set forth in this Memorandum Opinion, Paramont's Motion to Dismiss will be overruled.

An appropriate order will be entered.

-9-

DATED:     This 18th day of October 2006.

                                        /s/ Glen M. Williams
                                        SENIOR UNITED STATES DISTRICT JUDGE